# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

DELEORN THOMPSON,           )
#275974,                    )
                            )    CIVIL ACTION NO. 9:15-5106-BHH-BM
            Petitioner,     )
                            )
v.                          )    **REPORT AND RECOMMENDATION**
                            )
WARDEN STALEY,              )
                            )
            Respondent.     )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed <u>pro se</u> on December 21, 2015.[1]

The Respondent filed a return and motion for summary judgment on March 15, 2015. As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was filed on March 17, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition (out of time) on May 16, 2016.

---

[1]Since there is no delivery date to the prison mailroom stamped on the envelope, the Court has used the date of the petition, which is the same as the postage date, as the filing date. <u>Cf.</u> <u>Houston v. Lack</u>, 487 U.S. 266, 270-276 (1988).

1



This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in Richland County in August 2012 on three counts of armed robbery [Indictment Nos. 12-GS-40-3953, 3954, and 3955]. (R.pp. 70-75). Petitioner was represented by Courtney A. Gibbs, Esquire. On May 9, 2013, Petitioner pled guilty to one count of armed robbery [Indictment No. 12-GS-40-3953]. Pursuant to a negotiated plea/sentence, Petitioner was sentenced to ten (10) years imprisonment for armed robbery, the minimum sentence for the crime under South Carolina law. The two (2) remaining armed robbery indictments were dismissed as part of the negotiated plea/sentence. (R.pp. 1-14).

Petitioner did not file a direct appeal of his conviction or sentence. However, on August 19, 2013, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Thompson v. State of South Carolina, No. 2013-CP-40-4874; raising the following issues:

**Ground One**: 4th Amendment.

Supporting Facts: Illegal Search & Seizure.

**Ground Two:** 5th Amendment.

Supporting Facts: Due Process.

**Ground Three:** 6th Amendment.

Supporting Facts: Ineffective Assistance of Counsel.

(R.p. 16).

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Petitioner was represented in his APCR by Anna R. Good, Esquire, and an evidentiary hearing was held on Petitioner's application on July 14, 2014. (R.pp. 25-61). In an order filed August 29, 2014 (dated August 13, 2014), the PCR judge denied relief on the APCR in its entirety. (R.pp. 62-69).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by John H. Strom, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who raised the following issue:

> Whether Petitioner's Sixth Amendment rights were violated when plea counsel failed to conduct a reasonable, independent investigation into the State's assertion that the plain view exception to the warrant requirement justified law enforcement's intrusion onto the curtilage of Petitioner's home to inspect a vehicle located there and for failing to investigate whether Petitioner's signed statement could be suppressed as the poisonous fruit of the warrantless intrusion onto Petitioner's property?

See Petition, p. 2 (Court Docket No. 14-2, p. 3).

On November 5, 2015, the South Carolina Supreme Court denied Petitioner's writ of certiorari. See Court Docket No. 14-4. The Remittitur was sent down on November 23, 2015. See Court Docket No. 14-5.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

> **Ground One:** Ineffective Assistance of counsel-trial counsel failed to move to file a motion to suppress evidence from an illegal search.
>
> Supporting Facts: There was no search warrant in my motion of discovery. I brought this issue to my public defender and her response was I could do a PCR - as explained in my PCR transcript.
>
> **Ground Two:** Ineffective Assistance of Counsel plea counsel failed to conduct a reasonable, independent investigation.
>
> Supprting Facts: Refer to PCR transcript p. 29 line[s] 7-13. Also p. 30 line[s] 3-6.

3



Ms. Gibbs admitted to not conducting a reasonable and independent investigation. Also all through the PCR hearing she denied ever talking to me about ever talking about the search & seizure issue but on p. 33 line[s] 7-13 she admits (sic) she recall[s] talking about it.

**Ground Three:** Ineffective assistance of counsel trial counsel faile[ed] to file a motion to dismiss warrants based on insufficient information. The names of the alleged victims was not stated in the warrants or affidavits.

See Petition, pp. 6, 8-9.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

In Grounds One and Two of his Petition, Petitioner argues that his trial counsel was ineffective for failing to move to suppress evidence from an allegedly illegal search and for failing to conduct a reasonable independent investigation. These claims are intertwined and were both addressed in Petitioner's PCR proceedings, where he had the burden of proving the allegations in his petition, as well as on appeal to the State Supreme Court. Butler v. State, 334 S.E.2d 813, 814 (S.C.

4



1985), <u>cert</u>. <u>denied</u>, 474 U.S. 1094 (1986); <u>see also</u> R.pp. 62-69; <u>see</u> Court Docket No. 14-4.  The

PCR court rejected these claims, making relevant findings of fact and conclusions of law in

accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>Thompson v. State of South</u>

<u>Carolina</u>, No. 2013-CP-40-4874.  Specifically, the PCR judge found that: 1) counsel's testimony was

credible and Petitioner's testimony was not credible; 2) counsel met with Petitioner multiple times

prior to the guilty plea; 3) Petitioner understood he was pleading guilty to a ten year sentence; 4)

Petitioner understood he was facing ninety years in prison; 5) counsel obtained discovery from the

solicitor and went over it with the Petitioner; 6) counsel explained to Petitioner the terms of his plea

and the fact that if he went to trial he was facing up to ninety years in prison; 7) counsel's belief that

there was not a good chance of having the search of the truck or the statements suppressed was

reasonable; 8) there were no reasonable grounds on which to have the search suppressed; 9) Petitioner

did not demonstrate any deficiencies in counsel's representation; 10) counsel's representation was

well within the range of competence required in criminal cases; and 11) Petitioner further failed to

make any showing that, but for counsel's alleged deficiencies, the result of his case would have been

any different.[3]  (R.p. 66).  As noted, the South Carolina Supreme Court denied Petitioner's appeal of

the PCR court's decision.  <u>See</u> Court Docket No. 14-4.

Substantial deference is to be given to the state court's findings of fact.  <u>Evans v.</u>

<u>Smith</u>, 220 F.3d 306, 311-312 (4th Cir. 2000), <u>cert</u>. <u>denied</u>, 532 U.S. 925 (2001) ["We . . . accord

state court factual findings a presumption of correctness that can be rebutted only by clear and

convincing evidence], <u>cert</u>. <u>denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir.

---

[3]The PCR court also made additional findings as to other challenges Petitioner presented in his PCR proceedings.  However, since Petitioner did not pursue those issues in this federal habeas proceeding, they are not included in the summary set forth hereinabove.



2000)(en banc), <u>cert. denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). <u>See also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert. denied</u>, 533 U.S. 960 (2001). However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. <u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984); <u>Pruett v. Thompson</u>, 996 F.2d 1560, 1568 (4th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 487 (1993) (citing <u>Clozza v. Murray</u>, 913 F.2d 1092, 1100 (4th Cir. 1990), <u>cert. denied</u>, 499 U.S. 913 (1991)).

Even so, with regard to the ineffective assistance of counsel claims that were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). <u>See</u> <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see also</u> <u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.



Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Here, after careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under the standard of Strickland and Hill, or that his guilty plea was not voluntarily and knowingly entered. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

At his guilty plea, Petitioner confirmed to the plea judge that he wanted to plead guilty to armed robbery and understood that it was a violent offense and carried a penalty of between ten (10) and thirty (30) years. (R.p. 3). Petitioner also affirmed to the plea judge that he understood that it was a most serious offense which included that he would have to serve, at least, 85 percent of his sentence before he could be released and that it was referred to as a no-parole offense. (R.p. 4). Petitioner testified that he understood his rights to remain silent, to a jury trial, to confront his



7

accusers, present any defense, and call witnesses on his behalf, and that he wanted to give up those rights and enter a guilty plea. (R.pp. 4-5). The Court then read the indictment to the Petitioner and Petitioner again testified that he wished to plead guilty. (R.p. 5). Petitioner then affirmed to the Court that, outside of the negotiated sentence of ten (10) years, no one had promised him anything, that no one had forced him or threatened him to get him to plead guilty, and that he was pleading guilty freely and voluntarily. (R.pp. 5-7). Petitioner also stated that he was satisfied with his attorney and even that he was "sure about" that statement. (R.p. 7). Petitioner affirmed that he understood that pursuant to his plea deal his other two armed robbery charges were being dismissed, and that he was only going forward on the one charge with the negotiated sentence. (R.p. 7). The Court then explained to the Petitioner that after he served his sentence he would be subject to community supervision for two (2) years and that that provision was not something that the Court had any control over. (R.pp. 8-9). Petitioner affirmed that he understood, and after the Solicitor recited the facts of the crime, Petitioner's confession to the crime, and Petitioner's prior record, Petitioner acknowledged that the solicitor's presentation was materially true. (R.pp. 9-11). The Court then accepted Petitioner's plea and sentenced him to ten (10) years. (R.p. 13).

At his PCR hearing, Petitioner testified that he met with his trial counsel about four times. (R.p. 29). Petitioner acknowledged that he had signed a written confession, but said he did not write it, and that he only signed it because the officer told him he could not have a lawyer if he did not. Petitioner testified his counsel told him there was a possibility they could get it "suppressed or thrown out". (R.p. 30). Petitioner testified that at some point when his counsel visited him, she told him that the State had offered a plea of "ten years, 85." Petitioner testified that she told him that he did not have to take it, and he told her that he did not want to accept it. Later, his counsel told him



that, since he was not accepting the plea deal, the State was going to push for trial. (R.p. 31). Petitioner testified that he had a hearing about a week before his trial was scheduled to dismiss his counsel, because he felt that she was ineffective for not investigating his case. However, Petitioner did concede that, although it was later than he thought he should have received it, he did receive his discovery at his bond hearing, which had taken place before he filed his motion to remove counsel. (R.pp. 32-33). When Petitioner received his discovery, he testified that he told his counsel that he wanted to challenge the search of the vehicle and his resulting confession because the police did not have a warrant and he did not believe the stolen vehicle was in plain view. (R.pp. 33, 35-36). However, his counsel told him that the only way to challenge those items was to go to trial, and that she did not believe they would not be thrown out and he would then face a significant sentence of ninety (90) years. (R.pp. 34, 36). Petitioner testified that, at that point, he agreed to accept the negotiated plea of ten (10) years. (R.pp. 34, 36-37). Petitioner also testified that the state court judge told him that if his trial counsel was relieved that he would not be given another attorney, which is the only reason he did not "fire" her. (R.pp. 37-38).

On cross examination at his PCR hearing, Petitioner conceded that he told the plea court he understood everything about his negotiated plea and that he had affirmed to the plea court that he had to serve 85% of his sentence. (R.pp. 39-40). Petitioner also admitted that he testified at his plea that he understood he was giving up his right to present defenses, that he was pleading freely and voluntarily, that he was satisified with his counsel, and that he wanted to go forward with his plea. (R.pp. 40-41). Although Petitioner stated that he did not write the statement he signed about the crime and wanted to attack things in the statement, Petitioner also admitted that he signed the statement confessing to the crime of stealing the truck. (R.p. 42).

9



Petitioner's counsel testified at the PCR hearing that she met with him at least six (6) times, that she filed for and received all of the discovery in Petitioner's case, reviewed it with him, and gave him a copy of it. (R.p. 49). Counsel testified that it was her recollection that the truck was in plain view in Petitioner's yard, that she told Petitioner he could have a <u>Jackson v. Denno</u>[4] hearing about whether or not his statement had been freely given, that she did not tell the Petitioner that his statement was definitely not going to get thrown out, and advised him that they could challenge the statement and the search. However, she also explained that it was rare for such a challenge to be successful. (R.pp. 49-50). Counsel testified that she reviewed the elements of the charges with the Petitioner, his constitutional rights, and the rights that he would be giving up by entering his guilty plea, and that Petitioner appeared to understand these rights. (R.pp. 50-51). Counsel testified that Petitioner definitely kept going back and forth about whether to accept the plea, but that she did not believe there was any merit to the search and seizure issues he kept bringing up. (R.p. 51). Counsel also testified that it was her understanding that Petitioner had provided an oral confession as well as a written confession, and opined that it would have been difficult to get the statement thrown out. (R.p. 52).

On cross examination at the PCR hearing, counsel testified that she went through the discovery with the Petitioner page by page. (R.p. 53). Counsel testified that although she had never personally been to Petitioner's residence (where the truck was taken), that Petitioner had a preliminary hearing on the charges. (R.p. 54). Counsel testified that she kept trying to get a better plea offer, but that the solicitor told her Petitioner was not getting a better offer and started pushing for the case to go to trial. (R.p. 55). Counsel testified that they filed the motion for her to be relieved

---

[4]378 U.S. 368 (1964).



because Petitioner wanted more time to make his decision. (R.pp. 55-56). Counsel also affirmed that she explained to Petitioner everything that his negotiated plea would entail and that he understood that it was a negotiated plea. (R.p. 57).

After review of these transcripts and the evidence presented, including the filings by both parties, the undersigned finds that Petitioner has failed to establish that his counsel should have further investigated his case or moved to suppress the evidence. "The decision not to file a motion to suppress is clearly a strategic decision by counsel." Bilal v. United States, No. 01-433, 2002 WL 32539620, at *5 (E.D.Va. July 23, 2006) (unpublished). Here, Petitioner's trial counsel testified at the PCR hearing that she advised Petitioner that they could pursue a motion to suppress had he not pled guilty, even though in her opinion, based on the testimony at the preliminary hearing and the evidence, a motion to suppress the evidence would have been denied. (R.pp. 50-52). Petitioner has not met his burden with respect to this claim. Nor has Petitioner shown that counsel was ineffective for failing to properly investigate the case. Petitioner had a preliminary hearing, counsel received and reviewed the discovery, including Petitioner's written confession, and discussed this material and the case in general with the Petitioner. (R.pp. 32-33, 49, 53). See also, Petitioner's Exhibit (Court Docket No. 21-1, p. 2). The PCR court found Petitioner's counsel credible on these issues and that Petitioner was not credible, findings that are entitled to substantial deference on habeas corpus review. Marshall v. Lonberger, 459 U.S. 422, 434 (1983)["28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court ..."]. "Credibility determinations, such as those the state PCR court made . . . , are factual determinations." Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir.2003). "As such, they are presumed to be correct absent clear and convincing evidence to the contrary, and a decision

11



adjudicated on the merits and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding." *Id.* (internal quotation marks omitted).

While a district court may, in an appropriate case, reject the factual findings and credibility determinations of a state court; Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); the court may not substitute its own credibility determinations for those of the state court simply because it disagrees with the state court's findings (assuming that were to be the case). Further, given the deference due the state court's findings on this credibility issue, Petitioner has not shown that the state court's findings were unreasonable under § 2254(d), nor has Petitioner overcome the presumption accorded to the PCR court's findings. See Pondexter v. Dretke, 346 F.3d 142, 147-149 (5th Cir.2003)[finding that the district court "failed to afford the state court's factual findings proper deference" by "rejecting the state court's credibility determinations and substituting its own views of the credibility of witnesses."]; Evans, 220 F.3d at 312. See Seymour v. Walker, 224 F.3d 542, 553 (6th Cir.2000)["Given the credibility assessment required to make such a determination and the deference due to state-court factual findings under AEDPA, we cannot say that the trial court's finding was unreasonable under § 2254(d)(2)."].

Additionally, even assuming that Petitioner's statement or search was illegal, counsel was not ineffective for failing to move to suppress the statement, because Petitioner pled guilty. Therefore, there was never any need for Petitioner's counsel to file a motion to suppress the statement. Even though trial counsel testified that she believed that the motion to suppress would be denied, she was prepared to file a motion to suppress if he had proceeded to trial, and had also discussed with Petitioner how a Jackson v Denno hearing could be held. Accordingly, Petitioner has



failed to show deficient performance or prejudice on trial counsel's part for failing to pursue or obtain any such evidence or make any further arguments to the court. <u>Smith</u>, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

        Further, in addition to being advised by counsel, it is clear in the record that the plea court also went over the facts of the case, Petitioner's rights prior to the acceptance of the plea, and potential sentences, following which Petitioner waived his rights, admitted he committed the crime, and entered his plea of guilty. <u>Cf.</u> <u>Pittman v. South Carolina</u>, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both."] (citing <u>State v. Ray</u>, 427 S.E.2d 171, 174 (S.C. 1993)); <u>see also</u> <u>State v. Lambert</u>, 225 S.E.2d 340 (1976)); <u>Roddy v. South Carolina</u>, 528 S.E.2d 418, 421 (S.C. 2000). <u>See Sargent v. Waters</u>, 71 F.3d 158, 160 (1995)["The [United States] Supreme Court has . . . held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute."](quoting <u>Marshall</u>, 459 U.S. at 431-432).  Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court.  Criminal defendants often make the decision to plead guilty based on a likelihood of conviction at trial, and although Petitioner now claims that his plea was involuntary based on his allegations that his counsel did not provide him with effective advice, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral



proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981).  Here, Petitioner readily admitted his guilt, and he has failed to show his counsel was ineffective under the standards discussed hereinabove.

Therefore, Petitioner has failed to meet his burden of proving trial counsel failed to render reasonably effective assistance with respect to these claims. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; see also Wade v. State, 419 S.E.2d 781, 782 (S.C. 1992)["Court must uphold the findings of the PCR judge if such findings are supported by any evidence"]; Hill, 474 U.S. 52 [Where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he could not have pled guilty and would have insisted on going to trial].  Grounds One and Two of the Petition are without merit and should be dismissed.

## II.

Petitioner contends in Ground Three that his trial counsel provided ineffective assistance by failing to file a motion to dismiss the arrest warrants based on insufficient information, since the names of the alleged victims were not stated in the warrants or affidavits.  However, Petitioner failed to raise this issue in his PCR proceedings.

Because Petitioner did not properly raise and preserve the issue he now asserts in Ground Three in his PCR proceedings, it is barred from further state collateral review; Whiteley v.



Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; see also White v. Burtt, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing Pruitt v. State, 423 S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); cf. Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009)[Finding that where Petitioner attempted to raise an issue in his PCR appeal, the issue was procedurally barred where the PCR court had not ruled on the issue and Petitioner's motion to alter or amend did not include any request for a ruling in regard to the issue]; Sullivan v. Padula, No. 11-2045, 2013 WL 876689 at * 6 (D.S.C. Mar. 8, 2013)[Argument not raised in PCR appeal is procedurally barred]; and as there are no current state remedies for Petitioner to pursue this issue, it is fully exhausted. Coleman v. Thompson, 501 U.S. at 735; Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.



However, even though otherwise exhausted, because this issue was not properly pursued and exhausted by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. State v. Powers, 501 S.E.2d 116, 118 (S.C. 1998); Martinez v, Ryan,132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

In his response, Petitioner does not address any"cause" for failing to raise this claim. Indeed, Petitioner does not address Ground Three in his response to the motion for summary judgment at all.[5]  Therefore, Petitioner may have intended to abandon this issue.  In any event, Petitioner has failed to show (or even allege) any cause for his procedural default of this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, to the extent Petitioner is arguing that he is actually innocent, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere

---

[5]In his Petition, Petitioner claimed that this issue had been addressed in his PCR proceedings and presented in his PCR appeal.  See, Petition, p. 10.  However, a review of those records do not show that this issue was addressed in the PCR court's order or presented in his appeal to the state Supreme Court.  See R.pp. 62-69; see also Court Docket Nos. 14-2, p. 3; 14-4.



legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges to which he admitted his guilt in Court and plead guilty to the charges. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, Ground Three in this habeas petition is procedurally barred from consideration by this Court.

## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.



17

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 6, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

